USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/13/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                            :
TRUSTEES OF THE NEW YORK CITY       :
DISTRICT COUNCIL OF CARPENTERS    :
PENSION FUND, WELFARE FUND,        :            1:22-cv-6496-GHW
ANNUITY FUND, AND APPRENTICESHIP,   :
JOURNEYMAN RETRAINING,           :     MEMORANDUM OPINION &
EDUCATIONAL AND INDUSTRY FUND,    :                ORDER
TRUSTEES OF THE NEW YORK CITY      :
CARPENTERS RELIEF AND CHARITY FUND, :
and THE CARPENTER CONTRACTOR      :
ALLIANCE OF METROPOLITAN NEW YORK, :
                            :
             Petitioners,   :
                            :
          -v -                 :
                            :
MAHI PAINTING, INC.,                :
                            :
            Respondent.   :
                            :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      Respondent Mahi Painting, Inc. ("Mahi") violated its collective bargaining agreement by failing to submit to an audit request. Pursuant to Section 301 of the Labor Management Relations Act, Petitioners seek to confirm an arbitration award obtained against Mahi. Because Petitioners have demonstrated that the arbitration proceeding was conducted in accordance with the parties' agreements, and was based on undisputed evidence, the Court confirms the award.

## I.      BACKGROUND

      Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund (together, the "Funds"), and the Carpenter Contractor Alliance of Metropolitan New York ("CCA" and, together with the Funds, the "Petitioners"), seek to confirm an arbitration award pursuant to a collective bargaining

agreement with Mahi.

The Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with the Employee Retirement Income Security Act ("ERISA"). Dkt. No. 11 ("Davidian Decl.") ¶ 3. They are based in New York City. *Id.* The Trustees of the New York City Carpenters Relief and Charity Fund operate "a charitable organization established under section 501(c)(3) of the Internal Revenue Code." *Id.* ¶ 4. The fund is based in New York City. *Id.* "The Carpenter Contractor Alliance of Metropolitan New York is a labor management corporation operating pursuant to Section 302(c)(9) of the LMRA[.]" *Id.* ¶ 5.

Mahi is a contractor for the New York City Housing Authority ("NYCHA"). *Id.* ¶ 7. Mahi is a party to NYCHA's Renovation and Rehabilitation Project Labor Agreement. *Id.* ¶ 7; *see* Dkt. No. 11-2 (the "PLA"). The PLA, in turn, bound Mahi to a collective bargaining agreement with the Union. Davidian Decl. ¶ 10; *see* Dkt. No. 11-3 (the "CBA"). Pursuant to Schedule A of the PLA, Mahi was bound to the collective bargaining agreement with the Union covering the period of July 1, 2017 through June 30, 2024. Davidian Decl. ¶ 11; *see* PLA art. II, § 4. The parties' relationship was governed by the collective bargaining agreement at all times relevant to this action. Davidian Decl. ¶ 13.

The CBA provides that "[e]very Employer covered by this Agreement shall make contributions for each hour worked of all employees covered by this Agreement and employed by said Employer within the territory of this Agreement." CBA art. XVII, § 1. In order to verify that employers like Mahi make their agreed upon contributions, the CBA provides that "[e]ach employer's books and payroll records shall be made available upon demand of the Trustees at all reasonable business hours . . . for the purpose of completing an audit." *Id.*

The CBA binds Mahi to the policies, rules, and regulations adopted by the Funds. Davidian Decl. ¶ 16; *see* CBA art. XVII, § 3. Among the Funds' policies is a Revised Statement of Policy for Collection of Employer Contributions (the "Collection Policy"). Dkt. No. 11-9. The Collection Policy establishes the consequences for when an employer violates the CBA's auditing provisions. *Id.* at 6. If an employer refuses to comply with the CBA's audit procedures, the Funds "shall determine the estimated amount of the employer's delinquent contributions based on the assumption that the employer's weekly hours subject to contributions for each week of the requested audit period are the highest number of average hours reported per week for any period of four consecutive weeks during the audit period." Collection Policy at 6. Such determinations "constitute presumptive evidence of delinquency." *Id.*

Petitioners requested an audit pursuant to the terms of the CBA and the Collection Policy for the period from July 16, 2020, to the date of the request. Davidian Decl. ¶ 27. Despite this request, Mahi did not provide its books and records for the purposes of conducting the Audit. *Id.* ¶ 28. Pursuant to the Collection Policy, which provides that "legal action to collect delinquencies shall generally be in the form of arbitration," the Petitioners initiated arbitration. *Id.* ¶ 19; Collection Policy at 8.

The CBA and Collection Policy provide that, in the event that the Funds must arbitrate a dispute or sue for unpaid contributions, the Funds are entitled to collect more than the late contributions alone. Davidian Decl. ¶ 20. According to the Collection Policy, in addition to interest on the delinquent amount, the Funds are entitled to a "delinquency assessment." Collection Policy at 8. "The amount of the delinquency assessment shall be the greater of (a) interest on the delinquent contributions . . . or (b) liquidated damages in the amount of twenty percent (20%) of all delinquent contributions." *Id.* The "[i]nterest owed by a delinquent employer" is "calculated at the prime lending rate of Citibank plus 200 basis points on a declining principal basis." *Id.* at 7. In

addition, the Collection Policy mandates that delinquent employers are liable for all attorneys' fees incurred by the Funds when trying to collect delinquent contributions. *Id.* The Collection Policy also states that delinquent employers are liable for "[a]ll recoverable costs actually incurred in court or other legal actions for the collection of delinquent contributions." *Id.*

After Petitioners initiated arbitration, Jeffrey Stein (the "Arbitrator") mailed Mahi notice of the arbitration hearing in a letter dated March 18, 2022. *See* Dkt. No. 11-10. The Arbitrator conducted the hearing on April 14, 2022. Dkt. No. 11-11 ("Award") at 2-3. Mahi did not appear at the hearing. *Id.* In an April 14, 2022 decision, the Arbitrator determined that Mahi violated the CBA by refusing Petitioners' audit request, and awarded the Funds $19,843.98. *Id.* at 5. In addition to the estimated principal amount of $19,843.98, the Arbitrator awarded $783.36 in interest, 3,968.80 in liquidated damages, $400 in court costs, $1,500 in attorneys' fees, and a $1,000 arbitrator's fee. *Id.* Finally, the Arbitrator determined that 5.25% interest would accrue on the award from the time it was issued. *Id.*

Mahi has not yet paid any of this award. *See* Davidian Decl. ¶ 28. Petitioners ask the Court to confirm the award, updated in light of additional accrued interest, court costs, and attorneys' fees. Dkt. No. 12-3 ("Proposed J."). Petitioners propose that the award should reflect (a) $27,496.14—the original award—plus interest accrued at an annual rate of 5.25% since the award date; (b) $181.10 in costs from the proceedings; (c) $1,147.50 in attorneys' fees; and (d) post-judgment interest at the statutory rate for civil awards under 28 U.S.C. § 1961. *Id.*

The requested attorneys' fees are based on 5.3 hours of work. Dkt. No. 12 ("Virginia Decl.") ¶ 11. Petitioners' counsel billed at the rate of $350 per hour for work performed by a partner, $275 per hour for work performed by an associate, and $120 per hour for work performed by legal assistants. *Id.* ¶¶ 7-9; *see* Dkt. No. 12-2 (the "V&A Bill"). The "rates are the result of negotiations between [counsel] and the Funds." Virginia Decl. ¶ 10. Petitioners' counsel consisted

of Charles Virginia, a founding partner at Virginia & Ambinder LLP ("V&A") and Maura Moosnick, an associate at V&A. *Id.* ¶¶ 7–8.

Petitioners filed a petition to confirm the arbitration award on August 1, 2022. Dkt. No. 1. Petitioners moved for summary judgment on August 31, 2022. Dkt. No. 10. Mahi has not entered an appearance or made any filings with the Court, despite being properly served with the complaint, motion, and all relevant filings. *See* Dkt. Nos. 7, 15.

## II.    LEGAL STANDARD

"Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). "Confirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *N.Y. Med. Ctr. of Queens v. 1199 SEIU United Healthcare Workers East*, No. 11-cv-04421, 2012 WL 2179118, at \*4 (E.D.N.Y. June 13, 2012) (internal quotation marks omitted).

The Court's review of a final arbitration award under the LMRA is "very limited." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)). Courts are "not authorized to review the arbitrator's decision on the merits . . . but inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Id.* It is not the Court's role to "decide how [it] would have conducted the arbitration proceedings, or how [it] would have resolved the dispute." *Id.* at 537. Instead, the Court's task is "simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)); *see also D.H. Blair & Co. v.*

*Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (noting that an arbitration award should be confirmed "if a ground for the arbitrator's decision can be inferred from the facts of the case" and that "[o]nly a barely colorable justification for the outcome reached by the arbitrator[] is necessary to confirm the award" (internal quotation marks omitted)).

Furthermore, "an arbitrator's award resolving a labor dispute is legitimate and enforceable as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." *Local 97, Int'l Bhd. of Elect. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999); *see also Harry Hoffman Printing, Inc. v. Graphic Commc'ns Int'l Union, Local 261*, 950 F.2d 95, 97 (2d Cir. 1991) ("[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." (internal quotation marks omitted)). "Generally speaking, unless the award is procured through fraud or dishonesty, the decision should not be disturbed." *Niagara Mohawk*, 196 F.3d at 124.

When a petition to confirm an arbitration award is unopposed, courts should generally treat "the petition and accompanying record . . . as akin to a motion for summary judgment." *Gottdiener*, 462 F.3d at 109. Thus, like unopposed summary judgment motions, unopposed confirmation petitions "must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *Id.* at 110 (internal quotation marks omitted).

## III.   DISCUSSION

The unopposed evidence submitted by Petitioners shows they are entitled to confirmation of the Award, post-judgment interest, and attorneys' fees and costs.

### A.        Confirmation of the Arbitration Award

There is no reason to believe that Petitioners procured their Award through fraud or dishonesty, or that the Arbitrator disregarded the CBA or acted outside the scope of his authority as

arbitrator.  Rather, the record indicates that the Arbitrator based his award on undisputed evidence

that Petitioners attempted to audit Mahi, and that Mahi denied their audit requests in violation of the

CBA and the Collection Policy.  The record also indicates that the Arbitrator based the amount of

his award of principal, interest, liquidated damages, and various costs on relevant provisions in the

agreements and on undisputed testimony.  *See* Award at 1–3.  Accordingly, the Court grants

Petitioners' motion and confirms the Award, including pre-judgment interest at a rate of 5.25% per

annum from the date of the award through the date of judgment in this action.

## B.  Post-Judgment Interest

Petitioners further request post-judgment interest accruing from the date of judgment until

Mahi pays in full.  Proposed J. at 1.  Under 28 U.S.C. § 1961, "[t]he award of post-judgment interest

is mandatory," *Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013), and this mandate

applies when confirming arbitration awards.  *See, e.g.*, *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96,

100–01 (2d Cir. 2004).  Therefore, the Court grants Petitioners' request for post-judgment interest.

Post-judgment interest shall accrue at the statutory rate from the date judgment is entered until

payment is made in full.

## C.        Attorneys' Fees and Costs of Bringing this Petition

Petitioners also seek to recover reasonable attorneys' fees and costs incurred by bringing this

petition.  Proposed J at 1.  "[I]n a federal action, attorney's fees cannot be recovered by the

successful party in the absence of statutory authority for the award."  *Int'l Chem. Workers Union, Local

No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985).  Section 301 of the LMRA does not

provide for recovery of attorneys' fees.  *See id.*  "Nevertheless, because a court may, in the exercise

of its inherent equitable powers, award attorney's fees when opposing counsel acts in bad faith,

attorney's fees and costs may be proper when a party opposing confirmation of an arbitration award

refuses to abide by an arbitrator's decision without justification."  *Abondolo v. H. & M.S. Meat Corp.*,

No. 07 Civ. 3870, 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (internal quotation marks

omitted) (quoting *N.Y. City Dist. Council of Carpenters Pension Fund v. E. Millenium Constr., Inc.*, No. 03

Civ. 5122, 2003 WL 22773355, at *2 (S.D.N.Y. Nov. 21, 2003)).

"A party's failure to comply immediately with an arbitration award does not necessarily

warrant an award of attorney's fees." *Id.* But courts have found such an award permissible where

"the party challenging the award has refuse[d] to abide by an arbitrator's decision without

justification." *First Nat'l Supermarkets, Inc., v. Retail, Wholesale & Chain Store Food Emps. Union, Local*

*338*, 118 F.3d 893, 898 (2d Cir. 1997); *see also Ceona PTE Ltd. v. BMT Giant, S.A. De C.V.*, No. 16-cv-

4437, 2016 WL 6094126, at *3 (S.D.N.Y. Oct. 19, 2016) (awarding attorneys' fees and costs to

petitioner seeking confirmation of an arbitration award where the respondent "failed to satisfy the

Final Award, and has not responded to [the petitioner's] petition in this action"); *Herrenknecht Corp. v.*

*Best Road Boring*, No. 06 Civ. 5106, 2007 WL 1149122, at *4 (S.D.N.Y. Apr. 16, 2007) (awarding

attorneys' fees and costs to petitioner in unopposed petition to confirm an arbitration award where

respondent "offered no justification for refusing to comply with the decision of the arbitrator").

Here, an award of attorneys' fees and costs is justified. By entering into the collective

bargaining agreement, Mahi agreed to submit all disputes to binding arbitration. The Collection

Policy explicitly entitles Petitioners to recover attorneys' fees incurred while "enforcing the Board of

Trustees' rights to payroll reviews and/or audits."[1] Collection Policy at 8. Mahi has neither

complied with the Award nor provided any justification for its failure to do so. For these reasons,

the Court finds that it is just and reasonable to award Petitioners reasonable attorneys' fees and costs

pursuant to bringing this action.

---

[1] Courts have also awarded attorneys' fees when there is a contractual basis for doing so. *See New York City Dist. Council of Carpenters Pension Fund v. Dafna Const. Co.*, 438 F. Supp. 2d 238, 242 (S.D.N.Y. 2006) (awarding attorneys' fees in confirming an arbitration award "because the Agreement itself require[d] [respondent] to pay attorneys' fees incurred by the Trustees in seeking confirmation").

To calculate reasonable attorneys' fees, "district courts use the lodestar method—hours reasonably expended multiplied by a reasonable hourly rate." *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006). "A reasonable hourly rate is a rate 'in line with . . . prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "[I]t is within the Court's discretion to reduce the requested rate" when the Court finds the rate unreasonable in the relevant market. *Trs. of Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Stevenson Contracting Corp.*, No. 05 Civ. 5546, 2008 WL 3155122, at *9 (S.D.N.Y. June 19, 2008) (citing *Savino v. Comput. Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998)), *report and recommendation adopted*, No. 05-cv-5546, 2008 WL 2940517 (S.D.N.Y. July 29, 2008). To assist the Court in determining the appropriate award, "[a]pplications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983)). "Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded" from the calculation of a reasonable fee. *Id.* (quoting *Hensley*, 461 U.S. at 434).

Petitioners' request is reasonable. Petitioners request $1,147.50 in attorneys' fees and $181.10 in costs incurred by bringing this petition. *See* Proposed J at 1; Virginia Decl. ¶¶ 11-12. Petitioners submitted invoices documenting the specific tasks performed, the number of hours worked in total (5.3), and hourly rates for the two attorneys and the legal assistants who worked on the case. *See* V&A Bill. These are satisfactory records of the attorneys' efforts and sufficiently set forth the specific fees and costs incurred while seeking confirmation of the award. *See id.* Furthermore, these fees and costs "are the result of negotiations between [counsel] and the Funds" for these legal services. Virginia Decl. ¶ 10. The Court also concludes that 5.3 hours is a reasonable

number of hours worked given the description of the tasks performed.

The fees are based on the following rates:  $350 per hour for Mr. Virginia, a partner at the firm who graduated from law school in 1989; $275 per hour for Ms. Moosnick, an associate at the firm who graduated from law school in 2021; and $120 per hour for the legal assistants.  *See id.* ¶¶ 7– 8; *see* V&A Bill.  Mr. Virginia's rate is reasonable given his previous experience "representing multiemployer benefit funds in ERISA litigation for over 25 years" and his status as the founding partner of the firm.  *Id.* ¶ 7; *see N.Y. Dist. Council of Carpenters Pension Fund v. Perimeter Interiors*, 657 F. Supp. 2d 410, 424 (S.D.N.Y. 2009) (noting that the rate of $425 per hour for partners in 2009 was a reasonable rate commensurate with the costs of similar work in the district for LMRA cases); *Watkins v. Smith*, No. 12-cv-4635, 2015 WL 476867, at *3 (S.D.N.Y. Feb. 5, 2015) ("In the Southern District of New York, fee rates for experienced attorneys in small firms generally range from $250 to $450 in civil cases.").  The requested rate of $120 per hour for the work performed by legal assistants is also reasonable.  *See, e.g.*, *Rosales v. Gerasimos Enters., Inc.*, No. 16-CV-2278, 2018 WL 286105, at *2 (S.D.N.Y. Jan. 18, 2018) (noting that hourly rates of between $100 and $150 have been found to be reasonable for paralegals); *S.J. v. New York City Dep't of Educ.*, No. 20-cv-01922, 2020 WL 6151912 (S.D.N.Y. Oct. 20, 2020) (recommending $125 as the hourly rate to be awarded to paralegals), *report and recommendation adopted as modified by* 2021 WL 100501 (S.D.N.Y. Jan. 12, 2021).

However, the Court does not approve of the $275 per hour rate for Ms. Moosnick.  An hourly rate of $225 would represent the upper bound of the appropriate rate for an attorney with Ms. Moosnick's experience.  *See Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Eclipse Constr. Servs. Inc.*, No. 1:21-CV-7868-GHW, 2021 WL 5567752, at *6 (S.D.N.Y. Nov. 26, 2021) (reducing the hourly rate from $275 to $225 for a V&A attorney who graduated from law school in 2016); *see also Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, &*

10

*Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Triangle Enter. NYC, Inc.*, No. 20-cv-793, 2020 WL 2306484, at *6 (S.D.N.Y. May 8, 2020) (same); *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Metroplex Serv. Grp., Inc.*, No. 18 CIV 5889 (PAE), 2018 WL 4141034, at *5 (reducing hourly rate of a V&A associate who graduated law school in 2016 from $275 to $225, which "represents the upper bound of prevailing rates in this District for junior associates.").

Finally, Petitioners request the reimbursement of $181.10 in court costs resulting from serving Mahi with the petition to confirm the arbitration award and court fees.  Virginia Decl. ¶ 12; Proposed J at 1.   Courts in this district routinely permit the recovery of such costs.  *New York City & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, No. 16-cv-1115, 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016).

Accordingly, Petitioners' request for attorneys' fees and costs is granted, but with the reduced rate of $225 per hour for Ms. Moosnick's work.  Petitioners are therefore entitled to $982.50 in attorneys' fees and $108.85 in costs.

## IV.    CONCLUSION

For these reasons, the petition to confirm the arbitration award is GRANTED.  The Clerk of Court is directed to enter judgment for Petitioners in the amount of $27,496.14, plus prejudgment interest calculated at 5.25% per annum from April 14, 2022 through the date of judgment, together with attorneys' fees and costs in the amount of $1,163.60.  Post-judgment interest shall accrue at the statutory rate pursuant to 28 U.S.C. § 1961 from the date judgment is entered until payment is made in full.

The Clerk of Court is further directed to close this case.

SO ORDERED.

Dated: October 13, 2022

_____
GREGORY N. WOODS
United States District Judge